```
STEPHEN M. HAYES (SBN 83583)
RYAN Z. KELLER (SBN 249193)
DARA M. TANG (SBN 231413)
HAYES SCOTT BONINO ELLINGSON
GUSLANI SIMONSON & CLAUSE LLP
999 Skyway Road, Suite 310
San Carlos, California 94070
Telephone:    650.637.9100
Facsimile:    650.637.8071
```

Attorneys for Plaintiff
STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>ALPHA ROAD CARRIERS, INC., ROSENDO VARGAS, an individual, GUNEET SANDHU, an individual; and DOES 1 to 20,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF; DEMAND FOR JURY TRIAL** |

Plaintiff STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm" or "Plaintiff") complains of Defendants, and each of them, as follows:

**THE PARTIES**

1. At all times mentioned herein, State Farm was an insurance company, organized, and existing under the laws of the State of Illinois with its principal place of business in Bloomington, IL.

2. State Farm is informed and believes, and on that basis alleges that at all times mentioned herein, Defendant Alpha Road Carriers, Inc. ("Alpha Road" or "Defendant") has been, and still is domiciled in California and resides for venue purposes in Modesto, California in Stanislaus County and is subject to personal jurisdiction in this district.

3. State Farm is informed and believes, and on that basis alleges that at all times

mentioned herein, Defendant Rosendo Vargas ("Vargas") has been, and still is a resident of Ceres, California and is subject to personal jurisdiction in this district.

4. State Farm is informed and believes, and on that basis alleges that at all times mentioned herein, Defendant Guneet Sandhu ("Sandhu") has been, and still is a resident of Fremont, California, and has an interest in the outcome of this litigation and is thus named herein as a real party in interest.

5. State Farm is ignorant of the true names, capacities and involvements of the Defendants sued herein as Does 1 though 20, inclusive. State Farm, therefore, sues these Defendants by said fictitious names and will seek leave to amend this complaint to include the true names, capacities and involvements of said Doe Defendants when their true names, capacities and involvements are ascertained.

## JURISDICTION AND VENUE

6. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 *et seq.* Original jurisdiction in this matter is based upon 28 U.S.C. § 1332 due to the complete diversity of citizenship of the parties and the matter in controversy exceeds $75,000, exclusive of interest and costs. Further, original jurisdiction is proper under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*

7. The amount in controversy, exclusive of interest and costs, exceeds the value of $75,000 since the underlying complaint is one for wrongful death and Defendants seek defense and indemnity based on an insurance policy issued by State Farm that had a liability limit per occurrence of $1,000,000.00.

8. Pursuant to 28 U.S.C. § 1391, venue in this district is proper because Sandhu resides in Fremont, California, and all defendants are residents of the State of California. Further, the Accident occurred in Fremont, California, in Alameda County such that a substantial part of the events or omissions giving rise to this current claim occurred within this district.

## GENERAL ALLEGATIONS

**A.     The Underlying Lawsuit**

9. On August 28, 2019, at approximately 5:00 a.m. decedent Kiranjot Singh Deol

("Deol") was bicycling on Boyce Road in Fremont, California. Deol was cycling in the designated bicycle lane.

10. At the same time, Rosendo Cruz Vargas ("Vargas") was driving his vehicle, a 2017 Chevrolet Cruze ("Vehicle") on the road, when he entered the bicycle lane, striking and colliding with Deol, causing fatal injuries ("Accident.")

11. The Vehicle, bearing license plate number 8LUN540 was owned by Vargas.

12. On September 17, 2020, Deol's surviving wife, Guneet Sandhu, filed a Complaint for Wrongful Death against Vargas and Living Spaces Furniture, LLC ("Living Spaces") entitled "Sandhu v. Living Spaces, et al.", in Alameda County Superior Court, Case Number HG20075707 ("Underlying Lawsuit.")

13. Sandhu alleged that Vargas was employed by Living Spaces and Does 1-50 at the time of the accident, and that he was acting in the course and scope of that employment when he struck and killed Deol.

14. On November 24, 2020, Sandhu filed a DOE Amendment, adding Alpha Road as Doe Two.

15. On January 5, 2021, Living Spaces was dismissed from the Underlying Lawsuit.

**B.     Alpha Road Policies**

16. State Farm issued five policies to Alpha Road, each of which provided coverage for difference vehicles:

    a. Policy 428 3250-C23-05F, for period January 25, 2019 – March 23, 2020;
        i. Insured Vehicle: 2012 4300 International Box Truck, VIN -2324

    b. Policy 428 3253-C23-05F, for period January 25, 2019 – March 23, 2020;
        i. Insured Vehicle: 2013 4300 International Box Truck, VIN -5660

    c. Policy 428 3733-C19-05D, for period January 25, 2019 – March 19, 2020;
        i. Insured Vehicle:  2014 4300 International Box Truck, VIN -5708

    d. Policy 415 3458-C10-05B, for period September 10, 2018 to September 10, 2019;
        i. Insured Vehicle:  2014 4300 International Box Truck, VIN -6969

  e. Policy 443 8786-C26-05, for period March 26, 2019 – March 26, 2020;

    i. Insured Vehicle: 2015 4300 International Box Truck, VIN -5672

    (collectively "Policies.")

17. The named insured on each of the Policies is Alpha Road Carriers, Inc.  Liability coverage on each of the Policies is a $1,000,000 combined single limit.

18. None of the Insured Vehicles were involved in the Accident.

19. Each of the Policies consist of Form 9805B and various endorsements, including 6018CD (Commercial Vehicle), 6030GF (Business Named Insured), and 6037T.2.

20. The Policies define the following terms as follows:

 "Newly Acquired Car means a car newly owned by you…

 . . .

 ***Owned By*** means:

 1. owned by;

 2. registered to; or

 3. leased…

 . . .

 ***You*** or ***Your*** means…the named insured or named insureds shown on the Declarations Page.

 . . .

 ***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page.

 . . .

 ***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:

  1. replaces *your car* for a short time while *your car* is out of use due to its**:**
   **a.** breakdown;
   b. repair;
   c. servicing;
   d. damages; or
   e. theft; and

      2. neither *you* nor the *person* operating it own or have it registered.

*Insured* means:

    1. *you* for:

      a. the ownership, maintenance, or use of:

        (1) *your car*;

        (2) *a newly acquired car*; or

        (3) *a trailer*

      . . .

    2. any *person* for his or her use of:

      a. *your car,*

      b. *a newly acquired car*;

      c. a *trailer*…

Such vehicle must be used with *your* permission, express or implied, and within the scope of that permission; and

3. any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability.  This provision applies only if the vehicle is:

    a. neither *owned by*, nor hired by, that other *person* or organization.

    b. neither available for, nor being used for, carrying *persons* for a charge."

21. The Policies' Insuring Agreement provided as follows:

"1. *We* will pay damages an *insured* becomes legally liable to pay because of:

        a. ***bodily injury*** to others; and

        b. damage to property caused by an accident that involves a vehicle for which that ***insured*** is provided Liability Coverage by this policy."

22. The Policies include the following exclusions:

"11. For liability assumed under any contract."

23. For each of the Policies, Endorsement 6037T.2 states in pertinent part:

"Insurer certifies that this insurance policy covers all vehicles used in conducting the service performed by the insured for which a motor carrier permit is required whether or not said vehicle is listed in the insurance policy."

**C.     Reservation of Rights Letters**

24. On November 19, 2020, State Farm issued a Reservation of Rights letter to Alpha Road. State Farm advised that there is a question as to whether the vehicle involved in the accident constitutes either a temporary substitute, newly-acquired or a non-owned automobile or car as defined in the Policy. State Farm also advised that there is a question as to whether the accident arose out of the ownership, maintenance, use, loading or unloading of an insured vehicle. State Farm indicated that it reserves all its rights under the Policies, including the right to deny coverage in its entirety.

25. On November 24, 2020, State Farm issued a reservation of rights letter to Vargas, identical to the one sent to Alpha Road on November 19, 2020.

26. On December 23, 2020, State Farm issued a supplemental Reservation of Rights letter to Alpha Road and Vargas. In this supplemental letter, State Farm advised that in addition to the questions it raised in its November 19, 2020 letter, there is also a question as to whether liability assumed under any contract existed, which is an exclusion under the automobile policy. State Farm again reserved all its rights under the Policies, including the right to deny coverage in its entirety.

# FIRST CAUSE OF ACTION

## Declaratory Relief

27. State Farm incorporates paragraphs 1 through 26 as though fully set forth herein.

28. An actual controversy has arisen between Plaintiff and Defendants herein, concerning their respective rights and duties under the Policies issued by State Farm regarding the below issues. State Farm seeks a judicial determination that:

   a. The Vehicle involved in the Accident does not qualify as an insured vehicle under the terms of the Policies;

   b. Vargas does not qualify as an insured under the terms of the Policies;

   c. The Vehicle involved in the Accident was never used in conjunction with Alpha Road's business;

   d. Vargas was not acting in the course and scope of his employment with Alpha Road at the time of the Accident;

   e. State Farm does not have a duty to defend either Alpha Road or Vargas in the Underlying Lawsuit;

   f. State Farm does not have a duty to indemnify either Alpha Road or Vargas in the Underlying Lawsuit.

29. As a result, an actual controversy exists as described herein and this court may declare the rights and other legal relations of the parties pursuant to the Declaratory Judgment Act, 22 U.S.C. section 2201.

30. A judicial determination of this controversy is necessary and appropriate in order for the parties to ascertain their rights, duties, and obligations under the Policies.

## PRAYER

**WHEREFORE**, State Farm prays for judgment against Defendants, as follows:

1. For a judgment declaring that State Farm has no duty to defend Alpha Road or Vargas in the Underlying Lawsuit;

2. For a judgment declaring that State Farm has no duty to indemnify Alpha Road or

1  Vargas in the Underlying Lawsuit;

2      3.    For general and special damages in an amount according to proof;

3      4.    For such relief as the Court may deem appropriate.

4  Dated:  April 13, 2021        HAYES SCOTT BONINO ELLINGSON
5                                       GUSLANI SIMONSON & CLAUSE, LLP

7                                       By:   */S/ Ryan Z Keller*
                                          STEPHEN M. HAYES
8                                            RYAN Z. KELLER
                                          DARA M. TANG
9                                            Attorneys for Plaintiff
                                          STATE FARM MUTUAL AUTOMOBILE
10                                           INSURANCE COMPANY

## **DEMAND FOR JURY TRIAL**

State Farm hereby demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated:  April 13, 2021        HAYES SCOTT BONINO ELLINGSON
                                     GUSLANI SIMONSON & CLAUSE, LLP

By:   */S/ Ryan Z Keller*
      STEPHEN M. HAYES
      RYAN Z. KELLER
      DARA M. TANG
      Attorneys for Plaintiff
      STATE FARM MUTUAL AUTOMOBILE
      INSURANCE COMPANY